# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Team Systems International, LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 22-10066 (CTG) |
| George L. Miller, solely in his capacity as the Chapter 7 Trustee of Team Systems International, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski, Addy Road LLC, Brent Road LLC, Benjamin P. Smith, Jessica M. Smith, TSI Gulf Coast, LLC, TSI Education & Training, Inc., and Team Systems International Southeast LLC, and <br><br> John Does 1-100, <br><br> Defendants. | Adv. Proc. No. 23-50004 CTG) <br><br><br><br><br><br> **Objection Deadline:** <br> **April 24, 2023 at 4:00 p.m. (ET)** <br><br> **Hearing Date:** <br> **No hearing will be held unless requested or ordered by the Court.** |

## MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER ENLARGING TIME TO EFFECT SERVICE OF ORIGINAL PROCESS

George L. Miller, solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate of Team Systems International, LLC and plaintiff in the above-captioned adversary proceeding, by his undersigned counsel, files this Motion seeking the entry of an order, substantially in the form attached hereto, enlarging the time during which the Trustee may effect

service of process in the above-captioned adversary proceeding through and including September 30, 2023. In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), which has been referred to this Court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408; 1409. The Trustee consents to the entry of a final order by the Court on this Motion.

2. The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4(m) of the Federal Rules of Civil Procedure (the "Civil Rules").

## BACKGROUND

3. On January 18, 2022 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On March 31, 2022, the Court entered an order converting the Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code

5. Also on March 31, 2022, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's estate.

6. Since his appointment, the Trustee has undertaken an investigation of the Debtor's prepetition transfers to and transactions with various parties, including, without limitation, the Debtor's Managers—Defendants Deborah Evans Mott ("Mott") and Steven M. Acosta ("Acosta")—and certain individuals or entities affiliated with Mott or Acosta.

7. On June 9, 2022, the Trustee filed a motion seeking the entry of an order holding the Debtor and the Member Defendants in contempt for their failure to turn over estate property, including books and records, and for sanctions.

8. On July 14, 2022, the Court entered an order [Main Case D.I. 222] (the "Contempt Order") granting in part the Trustee's motion. Among other things, the Contempt Order prohibited Mott, Acosta, and their affiliates from "transferring or encumbering the Real Properties for a period of six months from the date upon which this Order is entered without prejudice to the rights of any party to seek to terminate or to extend this prohibition" (the "Freeze"). Contempt Order ¶ 3. By its terms, the Freeze would expire on January 14, 2023.

9. Thereafter, the Trustee continued his investigation. Among other things, the Trustee sought, and obtained, the entry of two orders under Bankruptcy Rule 2004 directing certain entities to produce documents and information.

10. Prior to the expiration of the Freeze, on January 10, 2023, the Trustee filed a Complaint [Adv. D.I. 1] thereby commencing the above-captioned adversary proceeding. By the Complaint, among other things, the Trustee seeks (i) to avoid and recover certain prepetition transfers to Mott, Acosta, or another defendant; (ii) to hold Mott and Acosta liable for breaching their fiduciary duties owed to the Debtor; (iii) to hold all defendants liable for aiding and abetting such breaches of fiduciary duty; (iv) preliminary and permanent injunctive relief; and (v) other relief, as set forth more fully therein.

11. Also on January 10, 2023, the Trustee filed a motion [Adv. D.I. 3] (the "PI Motion") seeking, among other things, to extend and expand the Freeze and seeking preliminary injunctive relief with respect to certain real properties and other assets of the Defendants.

12. On January 23, 2023, the Court conducted an evidentiary hearing on the PI Motion.

13. On January 27, 2023, the Court entered an order [Adv. D.I. 25] granting, in part, the PI Motion with respect to Mott, Acosta, Christopher Mott, John S. Maciorowski, and Addy Road LLC.

14. Also on January 27, 2023, the Court entered an order [Adv. D.I. 26] granting the PI Motion with respect to Defendant TSI Gulf Coast, LLC.

15. In addition, on January 27, 2023, the Court entered an order [Adv. D.I. 27] approving an agreed stipulation between the Trustee and Defendants Benjamin P. Smith, Jessica M. Smith, and Brent Road LLC.

16. On January 31, 2023, the Court entered its Memorandum Opinion [Adv. D.I. 29] setting forth the reasons supporting the entries of preliminary injunction orders.

17. After the original Complaint was filed, the Trustee continued his investigation. Among other things, the investigation revealed (i) additional Debtor bank accounts that were never disclosed to the Trustee or the Court; (ii) two additional entities—TSI Education & Training, Inc. ("TSI Education") and Team Systems International Southeast, LLC ("TSI Southeast")—that were controlled by Mott or other Defendants and that received significant fraudulent transfers during the two years prior to the Petition Date; and (iii) additional details regarding efforts to move and conceal the Debtor's cash as part of a scheme to hinder, delay, and defraud the Debtor's estate and creditors.

18. On April 6, 2023, the Trustee filed the First Amended Complaint [Adv. D.I. 37]. Among other things, the First Amended Complaint (i) includes additional factual allegations developed through the Trustee's ongoing investigation; (ii) adds TSI Education and TSI Southeast as named defendants; and (iii) includes additional causes of action, including constructive fraudulent transfer and unlawful distribution counts.

19. Also on April 6, 2023, the Trustee served on each of the 11 named Defendants a Summons, the First Amended Complaint, and the notice of dispute resolution alternatives.

20. In addition to the 11 named Defendants, the Complaint names as defendants John Does 1-100 (the "John Doe Defendants"). The John Doe Defendants include, among others, certain "transferees of one or more of the Fraudulent Transfers; parties asserting an interest in one or more of the Real Properties; and/or their respective affiliates, successors or assigns." First Amended Complaint ¶ 27. The Trustee is continuing to investigate the identities of the John Doe Defendants and has not yet attempted service upon them.

## RELIEF REQUESTED AND BASIS THEREFOR

21. Civil Rule 4(m), made applicable herein by Bankruptcy Rule 7004(a), requires that service be effected within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). Civil Rule 4(m) further states that, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "The Third Circuit has read [Civil] Rule 4(m) 'to require a court to extend time if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause.'" *In re Submicron Sys. Corp.*, No. 01-4044, 2004 WL 883391, at *2 (D. Del. Apr. 5, 2004) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)); *see Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

22. Bankruptcy Rule 9006(b)(1) permits the Court to grant additional time to effect service of process and provides in relevant part:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . .

Fed. R. Bankr. P. 9006.

23. Collier on Bankruptcy states that courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been negligent, dilatory, or acting in bad faith. 10 Collier on Bankruptcy ¶ 9006.06[3], at 9006-14 (15th rev. ed.

5

2001); *see* 11 U.S.C. § 105(a) (authorizing the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code).

24. By this Motion, the Trustee seeks the entry of an order extending the time to effect service of process through and including September 30, 2023, without prejudice to the rights of the Trustee to seek a further extension of such time.

25. The Trustee submits that good cause exists to grant the relief requested.

26. On April 6, 2023, the Trustee undertook to serve all 11 named Defendants at their last known address(es) by first class mail in accordance with Bankruptcy Rule 7004(b). That service was effected within the time prescribed by Civil Rule 4(m).

27. While the named Defendants were each served at their last known address(es), it is possible that one or more of the Defendants may have moved or relocated. Further, the First Amended Complaint names as defendants the John Doe Defendants, whose identities and addresses are not currently known. The extension requested in this Motion will enable the Trustee to, among other things, continue to investigate the John Doe Defendants, while focusing his efforts on the Defendants who have appeared. Accordingly, good cause exists to grant the extension requested herein.

28. Even if good cause were not shown, the Court has the discretion to grant the relief requested. *See Boley v. Kaymark*, 123 F.3d at 758. For example, discretionary relief under Civil Rule 4(m) may be "justified . . . if the applicable statute of limitations would bar the refiled action." *Id.* (quoting Fed. R. Civ. P. 4(m) Adv. Comm. Notes (1993)). On the other hand, a court may decline to grant discretionary relief under Civil Rule 4(m) where, for example, the "defendant's ability to defend on the merits" would be prejudiced. *Id.* (observing that "prejudice 'involves impairment of defendant's ability to defend on the merits, rather than . . . a procedural or technical

advantage,'" such as the running of the statute of limitations) (quoting *National Union Fire Ins. Co. v. Barney Assoc.*, 130 F.R.D. 291, 294 (S.D.N.Y. 1990)).

29.     Here, no party's rights will be prejudiced if the requested extension is granted.  As set forth above, all 11 named Defendants were served with a Summons and the First Amended Complaint within the time prescribed by Civil Rule 4(m).  While the John Doe Defendants have not yet been served, they are not subject to any pending dates or deadlines, nor have there been any actions taken in this adversary proceeding that would prejudice the John Doe Defendants' ability to defend on the merits.

30.     Accordingly, the Trustee respectfully submits the Court should grant the requested extension to effect service of process in this adversary proceeding.

## BRIDGE ORDER

31.     Pursuant to Del. Bankr. L.R. 9006-2, by virtue of the filing of this Motion, the time to effect service of process is extended until the Court acts on this Motion, without the need for the entry of a bridge order.  *See* Del. Bankr. L.R. 9006-2.

## NO PRIOR REQUEST

32.     No prior request for the relief sought in this Motion has been made to this Court or to any other Court.

## NOTICE

33.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region 3, and (ii) counsel for the Defendants.  The Trustee submits that such notice is reasonable in light of the circumstances of this case and the nature of the relief sought herein.

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court grant the relief requested in this Motion, enter an order substantially in the form of the proposed order attached hereto extending the Trustee's time to effect service of process through

and including September 30, 2023, and grant the Trustee such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 10, 2023 | **ARCHER & GREINER, P.C.** |
| | <u>*/s/ Bryan J. Hall*</u><br>David W. Carickhoff (No. 3715)<br>Bryan J. Hall (No. 6285)<br>300 Delaware Ave., Suite 1100<br>Wilmington, DE 19801<br>(302) 777-4350<br>(302) 777-4352 (fax)<br>dcarickhoff@archerlaw.com<br>bjhall@archerlaw.com<br><br>*Counsel to George L. Miller,*<br>*Chapter 7 Trustee* |