# Exhibit L

# Zhao (Ruby) Liu

**From:** Frederick B. Rosner
**Sent:** Wednesday, March 29, 2023 9:40 AM
**To:** Zhao (Ruby) Liu
**Subject:** FW: TSI/Response to Trustee's Letter dated February 3

---

**From:** Frederick B. Rosner
**Sent:** Wednesday, February 8, 2023 2:38 PM
**To:** Carickhoff, Jr., David W. <dcarickhoff@archerlaw.com>
**Subject:** TSI/Response to Trustee's Letter dated February 3

David,

Thank you for your email on February 3. My clients are in the process of gathering the financial information and relevant supporting documents as directed by the PI Order. I'd like to put issues concerning the PI Order aside for the moment. The Trustee will receive the documents and information on the 13th and we can have a further discussion at that time if necessary.

The fact that the estate is **solvent** (but presently illiquid) should be a substantial consideration for the Trustee in the way he administers this case. For example, the Trustee should not wait until the end of the case to seek to reduce claim amounts. This is typically done because a trustee is unsure whether there will be any distributions to creditors. That is certainly *not* the case here. The Trustee also should not rush to litigate (or even draft a Complaint to do so) for at least two reasons: *First*, collection of the FEMA A/R alone is **sufficient by itself to pay all legitimate claim holders in full**, even if the Fla. Judgment creditors' claims are upheld on appeal. *Second*, the Complaint is fundamentally flawed for several reasons. Among others, there was no **actual** fraud. The TSI LLC Agreement expressly provides "Except as may be otherwise be required by the Act, **no Member shall be liable for a return of the Property delivered to that Member**." There is no fraud or any cause of action under the Delaware LLC Act when Members of a **solvent** LLC take or direct their distributions. You are aware that TSI has been in business for over 20 years and has no secured or other debt except the debt arising from the Fla. litigation. I am informed that at all times when the distributions were made TSI held $13.5mm in A/R, <u>at a minimum, with no debt.</u> If all TSI's historical creditors were paid in full for 20 years, who were the defendants exactly defrauding? Also, the Trustee lacks derivative standing for certain of the causes of action. *See Bax* and its bankruptcy progeny.

Defendants reserve the right to bring a section 550 capping motion and to object to professionals' fees incurred that **did not benefit the estate** because they were overkill and were sought to pay professional fees unnecessarily incurred. There is no benefit to the estate when the Trustee aggressively seeks to pursue every possible cause of action and recovers **more money than necessary to pay creditors in full.** That conduct hopefully will not be rewarded by the Court. The Trustee should not be in the business of cycling money. There is no need to recover member defendants' prior LLC distributions and then remit essentially the same monies to them at the conclusion of the case as interest holders in the LLC. That amounts to unnecessary litigation and a heavy tax on the members' own money.

There is no need for prosecution of the Complaint, the PI Injunction or the PI Order.  At most the Trustee needs is a tolling agreement, a bond from defendants **and to cooperate with the defendants**.  For example, I advised that TSI has an active contract (or maybe it was rejected through the Trustee's inaction) with the Defense Logistics Agency and, to date, has received over 100 orders for fuel worth in aggregate over $1 million.  That is corporate waste, and needs to be remedied.  That revenue could have been realized and helped solve problems.  We need to solve that loss of value going forward and all rights are reserved. That is why mediation is necessary.

The Trustee should first focus on lowering the aggregate amount of claims against the estate.  If successful, then less litigation, *if any*, needs to be commenced/prosecuted.  This is especially true because the filed Complaint seeks to hold my clients legally responsible for the Trustee's professionals' fees.  As you might expect, the Defendants will object to any such relief if necessary. In the meantime, however, there is no valid reason our clients cannot work together cooperatively to minimize any such fees and provide positive results for the estate. There are only 7 creditors.  The unnecessary accrual of fees by the Trustee only makes it more difficult to settle.  I appreciate that it is easy for the Trustee to shrug off the idea of mutual cooperation and simply claim the Trustee previously tried but it didn't work out.  I am reaching out now to request the Trustee revisit any such conclusion.  I have identified below certain tasks that our clients might work on together.

Defendants again request the Trustee stipulate to stay relief to permit the appeal pending in the 11th Circuit Court of Appeals to proceed.  It is in our clients' mutual interest to overturn the Judgment obtained in the Florida Federal Court in Tallahassee. If overturned, it will reduce claims against the estate by approximately $6.3 million.  I am informed that appellant counsel already was retained for that purpose, and a motion for stay relief was filed. *See* DI 38.   Defendants will fund the cost of the appeal but reserve the right to seek reimbursement under section 503(b) as a substantial contribution if the appeal is successful.

There is no valid reason for the Trustee not to agree to stay relief. The only cynical reason I can think of is that the Trustee is not presently interested in reducing claims against the estate because he wants to keep the aggregate amount of claims against the estate at a larger amount to justify more litigation and fees.  If the Trustee will not agree to stipulate to stay relief, I would like to re-store the motion for stay relief to the calendar and set a date for the Trustee's deposition so I can examine him under oath as to his business reasons, if any, for opposing stay relief.  Please advise.

Your request to permit Mr. Miller to sell the Blue Springs Property is impractical and overreaching.  Mr. Miller is not the Trustee  for that property.  He has no legal authority to put it up for sale or sell it.  He is not located in Missouri, has no access to the property, and probably no appetite to ready the property for sale to achieve the best sale price.  Defendants suggest the property should be marketed and sold by its owner with an appropriate level of supervision by the Trustee.

I whole heartedly believe in the mediation process and think both parties will benefit from the active participation of a neutral mediator.  I personally think Judge Gross would be a great choice as a mediator but am open to suggestions.  The fact that the Trustee tried at the outset of the case to resolve issues should not serve as a basis to not try again.  The landscape has changed.

It will not harm the Trustee's legal rights to suspend litigation during a mediation process that could be completed in 45 days or less subject to the mediator's schedule.  The Complaint hasn't even been served yet.  If mediation is even partly successful, it is worth the short investment of time.

Best,

Fred

Frederick B. Rosner
The Rosner Law Group LLC
824 N. Market Street
Suite 810
Wilmington, DE  19801
302-777-1111

**Conveniently located in the bankruptcy court building**

**Working remotely.  Best way to reach me is by email or cell:  302-220-1007.**