## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
|  |  |
|---|---|
| In re: | Chapter 7 |
| TEAM SYSTEMS INTERNATIONAL, LLC, | Case No. 22-10066 (CTG) |
| Debtor, |  |
| ─────────────────────────────────────── |  |
| GEORGE L. MILLER, solely in his capacity as The Chapter 7 Trustee of Team Systems International, LLC, |  |
|  | Adv. Proc. No. 23-50004 (CTG) |
| Plaintiff, |  |
| v. |  |
| DEBORAH EVANS MOTT, STEVEN M. ACOSTA, CHRISOPHER MOTT, JOHN S. MACIOROWSKI, ADDY ROAD LLC, BRENT ROAD LLC, BENJAMIN P. SMITH, JESSICA M. SMITH, and TSI GULF COAST, LLC, and | Related AP Docket No's 37, 115, 156 |
| JOHN DOES 1-100, |  |
| Defendants. |  |

---

**BRIEF IN SUPPORT OF MOTION FOR SANCTIONS UNDER FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9011 AND 28 U.S.C. §1927[1]**

George L. Miller ("Miller"), acting *solely and exclusively* in his capacity as the appointed

chapter 7 Trustee (the "Trustee") of Team Systems International, LLC (the "Debtor") hereby files

this motion for sanctions under Fed. R. Bankr. P. 9011 against *the 2 law firms* representing (i)

---

[1] 28 U.S.C. Section 1927 is another source of authority for the Court to impose sanctions on the PLOD, encompassing as it does attorney liability for excess costs in litigation. The Movant here respectfully submits such sanctions are appropriate given the information discussed herein, especially given the Court's thorough knowledge of the PLOD's misdeeds thus far in the AP and the main bankruptcy case.

Deborah Evans Mott, (ii) Steven M. Acosta, (iii) Christopher Mott and (iv) John S. Maciorowski (together, the "Partial List of Defendants" or "PLOD"). The PLOD are some, but not all, of the Defendants in this adversary proceeding ("AP") commenced by the Trustee. The pleading at issue in this Motion - AP docket no. 115 - appears on its face (from the AP caption and the text used near the bottom of page 27) to be brought in the names of the PLOD, and *not* in the names of the other Defendants.[2] We refer to the PLOD's 2 law firms as "PLOD Counsel".

I. **BACKGROUND**

1. On December 18, 2023, the PLOD filed an Amended Answer and Amended Counterclaims (AP docket no. 115) in this suit. These Amended Counterclaims include 2 "Counts"- first, seeking the removal of the Trustee (the "Removal Count") and, second, seeking damages for the Trustee's alleged Breach(es) of Fiduciary Duty (the "BOFD Count").

2. We have requested in writing the PLOD dismiss both Counts as lacking in any cognizable legal merit. The Removal Count is without any genuine legal basis because the law requires that such relief be pursued via a Motion initiating (if necessary) a "contested matter" – it cannot be done via an adversary proceeding, let alone a Counterclaim in an adversary proceeding. The BOFD Count lacks a genuine legal basis because it's an assertion that the Trustee, acting in his official capacity as a bankruptcy trustee, in administering the bankruptcy estate of a Delaware LLC, takes on fiduciary duties towards specific individual members or former members of that LLC; this is not the law.

3. The Amended Counterclaims must fail *as a matter of law* for additional compelling reasons – ones that are legal determinations, do not require discovery, fact-finding or a trial, and

---

[2] The AP docket sheet lists a number of these other parties as "Counterclaimants" but we believe that is simply a typo or a function of how the parties are entered and paired with their counsel in the computer system – the pleading itself seems to be filed by the 4 PLOD and them alone.

apply to defeat the allegations in the PLOD filing, even assuming the well-pleaded ones to be true. Among these are that:

a. PLOD's attempt to sue Miller *personally* must fail because *in his personal capacity* he is not a party to this AP. In particular it fails because under the relevant FRBP, counterclaims can only be asserted against an 'opposing party', and Miller *in his personal capacity* is not such a party; and

b. In his legal capacity as Trustee, Miller's conduct as alleged in the PLOD's Amended Counterclaims, is protected by both absolute and quasi-judicial immunity.

4. This Motion seeks relief under Fed. R. Bankr. P. 9011 ("Rule 9011"). In compliance with Rule 9011, the undersigned provided a draft of this Motion to the PLOD Counsel no less than 21 calendar days before filing this Motion. We requested that the PLOD Counsel withdraw the Amended Counterclaims; they have declined to do so. Accordingly, and reluctant to burdening the Court, the Trustee has little choice but to seek this relief – he cannot in view of his professional duties spend large sums of estate money defending against such legally-frivolous claims. The Trustee thus requests that the Court award the Trustee monetary sanctions (at a minimum the legal fees and costs associated with this Motion) against the PLOD Counsel for their failure, despite request, to voluntarily withdraw the Amended Counterclaims.

The Trustee respectfully submits as follows:

## II. THIS AP GENERALLY

5. The Trustee's Complaint (AP docket no. 1, as later amended by AP docket no. 37), seeks to recover against the PLOD (and others) for fraudulent transfers both actual (Counts 1-2) and constructive (Counts 3-4), for other transfers avoidable under BCY Code section 550 and applicable state laws in Delaware and Florida (Count 5), for breach of fiduciary duty against PLOD members Mott and Acosta (Count 6), for aiding and abetting same by the PLOD and other Defendants (Counts 7), for unlawful distributions made to Mott and Acosta (Count 8), for veil-

piercing relief against the PLOD and others (Count 9), for the unjust enrichment of PLOD and others (Count 10), for injunctive relief and the imposition of a constructive trust against PLOD and others (Counts 11 and 12), and for an accounting, as a remedy, against the PLOD and one other (Count 13).  Broadly speaking it asserts a series of claims alleging that PLOD members, sometimes acting with others and sometimes not, wrongly and unlawfully used the Debtor and its assets/business to wildly enrich themselves.

### III.    THE AMENDED COUNTERCLAIMS

6. The PLOD answered the Trustee's Amended Complaint and filed counterclaims on November 27, 2023 (AP docket no. 111); thereafter the PLOD filed their Amended Answer and Amended Counterclaims (AP docket no. 115) on December 18, 2023, as noted above.  The legal theories in both sets of counterclaims are the same – removal of the Trustee and Breach of Fiduciary duties by the Trustee. *AP docket no. 115, pages 27-49*.  The Amended Counterclaims in docket no. 115 are supported by some additional alleged facts, updating what appears in AP docket no. 111, but again no new theories of liability.  It would appear the claim for removal of the Trustee from his position "arises under" the Bankruptcy Code and that this Court has jurisdiction over it as per 11 U.S.C. § 1334(b).  The second count, a state-law claim or claims, would appear to have "conceivable effects" on the bankruptcy estate and is/are thus also arguably within the Court's jurisdiction.[3]

### IV.    THE AMENDED COUNTERCLAIMS FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED

   A. *The Trustee can be removed only by a motion/contested matter, not via an adversary proceeding, let alone a "counterclaim' within an adversary proceeding*

---

[3] The Trustee respectfully reserves all rights to challenge (should he choose to do so) this Court's jurisdiction over the claims brought by the PLOD against him.  This motion, however, does not appear to be the proper procedural vehicle or posture for such a challenge, so we do not bring it here.

7.	Federal Rule of Bankruptcy Procedure 12(b)(6) provides the Court authority to dismiss a *claim* for 'failure to state a claim'. The same is true regarding the dismissal of a *counterclaim*. In re Varela, 530 B.R. 573, 580 (Bankr. E.D.N.Y. 2015), *citing* Renovate Mfg., LLC v. Acer Am. Corp., No 12-civ-6017, 2013 WL 342922, at *2 (S.D.N.Y. Jan 18, 2013) (*quoting* Netrix Leasing, LLC v. K.S. Telecom, Inc., No. 00-CIV-3375, 2001 WL 228362 at *8 (S.D.N.Y. March 7, 2011)).

8.	The Trustee was appointed in this case pursuant authority granted by law to the Office of the U.S. Trustee. *Main case (no. 22-10066 (CTG)), docket no. 152.* Therefore – and even accepting the PLOD's alleged 'facts' as true for purposes of this Motion, the only vehicle for the Trustee's removal is via a motion (initiating a contested matter, if opposed) pursuant to Bankruptcy Rules 7001 (defining what is an adversary proceeding), 9013 and 9014. See, e.g., Varela, 530 B.R. at 585, *citing* Jefferson v. Mississippi Gulf Coast YMCA, Inc., 73 B.R. 179, 182 (Bankr. S.D. Miss. 1986); In re Jeffery, 2018 Bankr. LEXIS 945 at *7 n. 9 (E.D.Pa. March 29, 2018) (same, but arguably *dicta*); *see also* 3 Collier on Bankruptcy ¶ 324.03 (16th ed.) (same)[4].

9.	Accordingly, this Court should find this Amended Counterclaim filed by the PLOD violates Rule 9011(b)(1) and (2). It is a pleading, written motion and/or 'other paper' presented for an improper purpose (specifically to harass the Trustee and to remove him from his position so that he cannot perform his duties – including suing the PLOD and the other Defendants). It plainly will cause unnecessary delay in this AP and main case, and needlessly increase the cost of this

---

[4] Among other things, the reason a motion is required is the issue of *notice* to interested parties, and thus fairness and due process. A motion would have been (i) filed in the main case, (ii) served on creditors and/or the Rule 2002 Service List in the case, including the U.S. Trustee's Office, and (iii) set for a scheduled hearing date with an objection deadline written on page 1, and on the front of the associated Notice of Motion. Thus all interested parties would be aware, and could take action. *None* of this happened with the PLOD filing. If PLOD had its way, the Trustee could be removed from the bankruptcy case as a result of an obscure, amended counterclaim in a lengthy adversary proceeding. Most creditors and parties-in-interest (folks who might be concerned about who is and is not the case Trustee) are not parties to this AP and could not reasonably be required to follow it through the twists and turns of briefing through many months or even years.

litigation. Further, this claim and legal contentions are not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing that law, or establishing new law.

> B. *The Amended Counterclaim for Breach of Fiduciary Duties by the Trustee must also fail as a matter of law*

10. The second Amended Counterclaim seeks to hold the Trustee liable for various alleged breaches of fiduciary duty. *Amended Answer with Amended Counterclaims*, pg. 3, par. 15, AP docket no. 115. The PLOD admits the Debtor is a Delaware LLC and avers that "Miller's actions have injured *the Debtor's owners*, effectively curtailing their entire profitable government contracting business, forcing them to spend enormous legal fees, causing them reputational harm, and ultimately depriving them of distributions from this solvent [e]state." *Amended Answer with Amended Counterclaims*, AP docket no. 115, pg. 29, par. 5 (emphasis added). And PLOD says

> ". . . Miller's actions may not[5] harm the [c]reditors [of the Debtor]. Instead, the fees generated by Miller's actions as Trustee will be funded by money that otherwise would be distributed to the Members [a term defined by the PLOD as Defendants Deborah Mott, Acosta, Chris Mott and Maciorowski on pages 27 and 29 (par. 7) of AP docket no. 115] at the conclusion of this solvent chapter 7 case. *Miller's actions therefore harm the Members specifically*."

11. *Amended Answer with Amended Counterclaims*, pg. 36, par. 46, AP docket no. 115 (*emphasis added*). *See also Id.* at pg. 37, par. 47 (PLOD stating that "Miller's actions have also injured the Members specifically . . . "); *Id.* at pg. 39, par. 60 (PLOD stating that various Miller actions injured the Members and publicly harmed them); *Id.* at pg. 46, par's 87, 88 (citing harm from actions Miller took ". . . against the Members."); *Id.* at pg. 46-47, par's 93-95 (in a section titled "Damage to the Members", PLOD cites alleged harms to the Members including

---

[5] Oddly this appears to state the PLOD essentially seek an advisory opinion of this Court about (a) damages that *might in the future* result from acts/omissions of the Trustee taken thus far and (b) damages that may one day come from things he may or may not do in the future. Such an opinion is patently not allowed by law.

'reputational harm' and harm to the Members as owners of the Debtor); and *Id.* at pg. 48, par's 102-105 (repeatedly citing damages done to the Members).

12. Notably, the PLOD's "Prayer for Relief" (pg. 48 - end) 4 times asks for an award of various damages " . . . to [the] Counterclaimants . . . ", which appears to be the PLOD. Nowhere in the Amended Counterclaims does the PLOD specifically aver that the Trustee's actions or inactions have caused damages to the bankruptcy estate or to creditors of the estate – instead the so-called "Members" seek monetary awards solely to themselves.

13. The Member's claims of breach of fiduciary duties set forth in the Second Counterclaim of the Amended Answer with Amended Counterclaims are unsupported by either the Bankruptcy Code or case law because "Members" of a limited liability company are not "beneficiaries" of a bankruptcy estate. Beneficiaries are commonly understood to be only the debtor and the estate's creditors. *See In re Heinsohn*, 231 B.R. 48, 65 (Bankr. E.D. Tenn. 1999).

14. The key factor in the present action is whether the Members, as third parties and are owed fiduciary duties by the Chapter 7 Trustee. The Bankruptcy Code is silent on this point and courts have not extended fiduciary duties of Chapter 7 Trustees to anyone other than beneficiaries of the estate, the debtor and creditors. In actions that have explored the issue of fiduciary duties courts have not extended the duty of care or loyalty to third parties. *See In re AFI Holding, Inc.*, 530 F.3d 832, 844 (9th Cir. 2008); *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir. 1983)(explaining that a bankruptcy trustee is a fiduciary of each creditor or beneficiary of the estate).

15. Fundamentally, a bankruptcy trustee has two primary obligations: (1) institutional obligations enumerated in Section 704 of the Bankruptcy Code that run to the bankruptcy process itself on behalf of the estate and its beneficiaries (*i.e.* debtors and creditors), and (2) fiduciary

obligations owed to the bankruptcy court and the estate's beneficiaries. See Steven W. Rhodes, *The Fiduciary and Institutional Obligations of a Chapter 7 Bankruptcy Trustee*, 80 AM. BANKR. L.J. 147, 147-48 (2006). Courts have referred to the trustee as a "fiduciary" regarding their relationship to the debtor and creditors, often referred to as "beneficiaries" of the estate. *See In re Cochise College Park, Inc.*, 703 F.2d 1339, 1357 (9th Cir. 1983) ("A bankruptcy or organization trustee is a fiduciary of each creditor of the estate . . .").

16. Here, the PLOD, in their second counterclaim for breach of fiduciary duties fail to explain or even mention *how* the Members fall into either category of beneficiary of the estate- debtor or creditor. None of the Members filed proofs of claims against the estate nor are any listed as creditors of the estate. Rather, the PLOD ignores this threshold requirement and simply asserts the bare legal conclusion that: "[u]pon Miller's appointment as Trustee, Miller owed fiduciary duties, including duties of good faith and loyalty, to the Members." *Amended Answer with Amended Counterclaims*, pg. 48 par. 102, AP docket no. 115. This is woefully inadequate to support a claim for breach of fiduciary duty, particularly against a trustee in his personal capacity.

17. The PLOD's Second Counterclaim thus fails entirely as a matter of law, because actions against a trustee for breach of fiduciary duties are only available to the "beneficiaries" of the estate to whom the trustee owes the fiduciary obligations, if any exist; here the Members have not shown (and cannot show) they are "beneficiaries" of Team Systems International LLC's bankruptcy estate. Accordingly, this Court should find this Amended Counterclaim filed by the PLOD violates Rule 9011(b)(1) and (2). It is a pleading, written motion and/or 'other paper' presented for one or more improper purpose(s) - specifically to harass the Trustee, to punish him financially and professionally for having taken adversarial positions against the PLOD and other Defendants in the past and sharply dissuade him from doing so in the future, to push him to resign

from his duties in this case,[6] and candidly to bankrupt him.[7] It plainly will cause unnecessary delay in this AP and main case, and needlessly increase the cost of this litigation – a simple review of the AP (and main case) docket makes this clear already. To be sure, this claim and legal contentions are not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing that law, or establishing new law.

> *C. PLOD's claims against Miller for breach of fiduciary duties - in his personal capacity - cannot be 'counterclaims' at all, because Miller personally is not the 'opposing party' suing the PLOD.*

18. The Trustee sued the PLOD solely and exclusively in his official capacity as the Chapter 7 Trustee of the Debtor's estate. As noted above, some or both of the PLOD's Amended Counterclaims seek to hold the Trustee *personally* liable for his alleged conduct. *Amended Answer with Amended Counterclaims*, pg. 48, Prayer for Relief, AP docket no. 115 (seeking relief against Miller as an individual) and pg. 27, Counterclaims (same).

19. The problem here is that the Trustee did not file his Amended Complaint (or anything else) against the PLOD *in his personal capacity*. Personally he is a non-party to this AP. As well-explained in Varela, Bankruptcy Rule 7013 requires that any counterclaim be brought only against an 'opposing party'. So when a plaintiff brings suit in one capacity, the defendant may not counterclaim against him in another capacity. Varela, 530 B.R. at 580-581, *citing* Banco Nacional de Cuba v. Chase Manhattan Bank, 658 F.2d 875, 885-886 (2d Cir. 1981) (*other citations omitted*); *see also* In re Graham 16 B.R. 606, 611 (Bankr. N.D.Ga. 1981) (dismissing counterclaims against a bankruptcy trustee for the same reasons); Rogers v. Virgin Land, Inc.,

---

[6] This Court is well aware of the strenuous and unusual efforts by the PLOD and other Defendants herein to have the Trustee removed from his position and replaced with a proposed trustee plainly favored by these parties. *See*, *e.g., Memorandum Opinion regarding Trustee Election Dispute*, main case docket no. 223 (summarizing same).

[7] PLOD seeks damages from the Trustee personally of $60,000,000, plus interest, attorneys' fees and costs, and additional damages. *Amended Answer and Amended Counterclaims*, AP docket no. 115, pg. 48.

1996 U.S. Dist. LEXIS 23321 (D.V.I. May 13, 1996); Casale v. Eisenberg, 62 B.R. 899 (Bank.E.D.N.Y. 1986) (in suit by trustee on behalf of estate, counterclaim seeking to hold trustee personally liable for tortious conduct in selling property of estate was dismissed as not properly against an opposing party). [8] Varela sets forth ample case law establishing that "... counterclaims against a bankruptcy trustee must be dismissed where the trustee filed his suit as a representative of the Debtor's estate." Varela, 530 B.R. 573 at 581 (*citing cases*).

20. While Varela notes 2 exceptions to this general rule, nothing in the PLOD's Amended Counterclaims even tries to place the Trustee here within their reach – nothing in PLOD's filing says the Trustee's suit in his official capacity will result in a judgment that pays him money as an individual, nor does PLOD cite any 'principles of equity and judicial economy' that might support such a claim. And if PLOD could recover anything from the Trustee here for breaches of fiduciary duty, it expressly and exclusively seeks to do so by recovering (a) not from the assets of the bankruptcy estate, but (b) instead from Miller personally. But an action to gain damages from the former requires a suit with a legal theory that the Trustee harmed the estate while acting in his official capacity; the latter is only for harm inflicted while acting *outside* his official capacity. Here, as noted, the PLOD Amended Counterclaim for breach of fiduciary duties avers individual wrongdoing and motivations by Miller, and seeks relief against him as an individual.

21. Accordingly, this Court should find this Amended Counterclaim filed by the PLOD violates Rule 9011(b)(1) and (2). It is (again) a pleading, written motion and/or 'other paper'

---

[8] This is not newly-discovered law. Other, older cases along this line include Higgins v. Shenango Pottery Co., 99 F. Supp. 522, 524 (W.D.Pa. 1951) ([u]nder Rule 13 of FRCP it has been held that a counterclaim by a defendant is not permissible in a suit against the defendant in his individual capacity), Durham v. Bunn, D.C.E.D. Pa., 85 F.Supp. 530, 1949 (similar), and Chambers v. Cameron, D.C.N.D. Ill. 1939, 29 F.Supp. 742 (similar).

presented for one or more improper purpose(s) - specifically to harass the Trustee, to punish him financially and professionally for having taken adversarial positions against the PLOD and other Defendants in the past and sharply dissuade him from doing so in the future, to push him to resign from his duties in this case, to influence him by forcing onto him a serious and risky personal stake in a matter that concerns only his professional capacity, and candidly to bankrupt him.  And again, it plainly will cause unnecessary delay in this AP and main case, and needlessly increase the cost of this litigation – a simple review of the AP docket makes this clear already.  To be sure, this claim and legal contentions are not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing that law, or establishing new law.

> D. *PLOD's claims for breach of fiduciary duties must fail as a matter of law, because the Trustee has either absolute or quasi-judicial immunity from suit for substantially all actions taken and decisions made within the realm of his official duties*

22. As Varela details, citing various cases, a bankruptcy trustee is largely immune from suit because the absolute judicial immunity of bankruptcy judges extends to others involved in the judicial process.  Varela, 540 B.R. 573 at 582-583 (*citing cases*).  The Court gives the Trustee's business judgment very substantial deference so long as he is not acting *ultra vires*.  Id. at 583 (*citing among other opinions* Konvalinka & Harrison, PC v. F. Scott LeRoy (In re: McKenzie), 716 F.3d 404 (6th Cir. 2013), *cert. denied* -- U.S. --134 S. Ct. 444, 187 L. Ed. 2d. 285 (2013) and for acts within the scope of his official duties, his *reasons* for taking such actions do not make them *ultra vires*.  Varela, 540 B.R. at 584 (*citing* Konvalinka, 716 F. 3d at 416.

23. PLOD's Amended Counterclaims start at page 28 of the filing.  Walking through them, with an eye to absolute immunity, quasi-judicial immunity, business-judgment deference and the concept of *ultra vires* acts, is instructive:

- Par. 1 is simply a conclusory statement and provides no facts to suggest the Trustee acted outside of his scope of duties.

- Much of par's 2 and 3 set out PLOD's gripes with how the Trustee *may* be compensated in this case – but the Court knows all such compensation is reviewed, decided and approved (or not) by the Court after notice and an opportunity for a hearing.

- Par. 3 gripes about the Trustee's alleged generalized decisions on how to administer the estate (purportedly more through litigation than 'cooperation'), but the Trustee is supervised by this Court, and parties-in-interest are always fully-entitled to file papers with the Court complaining of this, that or the other Trustee decision or strategy. All or substantially all of the Trustee's meaningful activities are approved by the Court, and the Court can and does review the resulting professional fees and commissions, if any, under established law and procedures (again, with notice and an opportunity for a hearing).

- Par's 4-6 (page 28-29) are conclusory. Par's 7-16 are simply background.

- Par's 17-22 simply seek to re-litigate the decision of the US Trustee's Office to appoint the Trustee, a decision this Court declined to set aside (main case docket no. 223).

- Par's 23 and 24 cite alleged inconsistencies between statements the Trustee allegedly made and his course of action – but he has substantial deference to conduct claims-reconciliation, to pursue (or not) pending litigation and take specific actions (or not) to collect possible receivables of the estate – indeed these decisions and courses of action are basic and essential to his statutory role, which is to marshal the assets of the estate via courses of action fitting with his business judgment.

- Par's 25 and 26 complain about the Trustee's retention of a professional and his alleged possible compensation – matters expressly supervised and approved by this Court.[9]

- In par. 30 PLOD *again* complains it dislikes the outcome of a decision issued by *this Court*. And nothing in par's 29-31 show the Trustee acting *ultra vires;* those are acts and decisions bankruptcy trustees make dozens of times per day across the country.

---

[9] Amazingly, upon review of the main-case and AP docket entries and this Court's several opinions and orders issued in one and/or the other, it appears that for virtually every single specific act or omission PLOD alleges to be wrongful, this Court has already supervised (often extensive) litigation on such matters, and rendered its decision. The Amended Counterclaims are thus a form of collateral attack on substantially all of those orders and decisions. The Trustee (like all parties) should be entitled to rely upon those opinions and orders and not spend years and large amounts of money re-litigating them in other procedural postures.

- Par's 32-37 are, again, simply an improper collateral attack on this Court's decision to approve the Trustee's retention of a professional – yet another task expressly assigned to the Trustee by statute.

- Par's 38-43 attack the Trustee for alleged violations of the US Trustee Handbook, but again these are legally untenable in this AP – in neither this suit nor the main bankruptcy case has the US Trustee (who supervises the Trustee, by law) filed any pleading or given any evidence of wrongdoing by the Trustee.

- Par's 44-62 are [again, not-subtle] collateral attacks on reasoned decisions of this Court (about responsibility for a 'wiped' computer drive, and whether to grant and later continue an injunction against the Members), given after full notice and an opportunity for a hearing and after substantial litigation.

- Par 63 just dispute the Trustee's alleged positions on the Debtor's solvency and a tax return he filed – these are basic trustee functions conducted in connection with his appointment.

- Nothing in par's 64-67 are remotely *ultra vires*; these paragraphs represent sour grapes and/or legitimate differences of opinion about what to do with information and accounts; while PLOD may not like it, these are the realm of the Trustee, not PLOD, and it is he who gets to set the strategy. Par. 67 at the end, again, is an express collateral attack on a prior lawful order of this Court.

- Par's 68-74 are more of the same – PLOD is unhappy with the Trustee's alleged choices and strategies for pursuing (or not) certain alleged "receivables" and objecting to (or not) specific creditors' claims. All of this is well within his statutory mandate, and his conduct is (and any related fees are) subject to the direct supervision of this Court and the U.S. Trustee's Office.

- In Par's 75-79 PLOD reiterates its anger about a tax return – but preparing and filing such returns is one of the basic functions of the Trustee's position. If the PLOD is so upset about tax returns, it should remember that in this case there was a contested Trustee election – Mr. Miller was appointed, the PLOD and their allies tried to replace him, all involved parties had notice and an opportunity to be heard, and he was not replaced. The result is that – like them or not – *he* files the tax returns for the estate. If they are false or problematic, the taxing authorities are fully equipped to deal with same, and he can be removed from his position via a Motion filed in this Court.

- Par's 80-92 again detail that PLOD is unhappy with (a) the Trustee's retention of a professional and (b) the nature and cost of their work. Both (a) and (b) are directly supervised, and ultimately approved, by this Court.

- Par's 93-97 simply continue the quibbles about what the Trustee did and did not do. But they cannot escape the breadth of discretion the Court gives to the Trustee's

business judgment. That his suit caused the PLOD to incur legal fees may be unfortunate (he thinks the cause is actually their brazen theft from and mismanagement of the Debtor), but filing a lawsuit to recover tens of millions of dollars owed to a bankruptcy estate is simply <u>not</u> an *ultra vires* act for a trustee. He is entitled to deal with "government agency" requests in his best judgment, and to renew (or not) existing contracts of the Debtor with substantial discretion, and again, subject to the review of this Court and the US Trustee's Office.

24. In sum, despite PLOD's 'throw everything at the wall and see what sticks' approach, it cannot overcome the basic legal standards here: (i) the Trustee has *quasi*-judicial immunity (in many instances *absolute* immunity) for his job; (ii) for routine decisions and courses of action Congress has decided to give his business judgments substantial discretion, and (iii) for things Congress has decided are more important and require the direct involvement of this Court – like his (contested) selection in the first place, the filing of motions, retention of professionals, the ultimate compensation of the Trustee and of his retained professionals, etc. – the Trustee's function is cabined by the usual safeguards – all involve the notice and opportunity to object and to have a hearing in this Court. His absolute and quasi-judicial immunity means that the Amended Counterclaim No. 2 must fail.

25. Under this Court's opinion in *Summit Metals*, for derived quasi-judicial immunity to apply, a defendant must satisfy four elements: (1) his/her acts were within the scope of his/her authority; (2) the debtor had notice of the proposed acts; (3) he/she candidly disclosed the proposed acts to the bankruptcy court; and (4) the bankruptcy court approved the acts. <u>Richards v. Monaco (In re: Summit Metals, Inc.</u>), 474 B.R. 484, 501 (Bankr. D. Del 2012). The Court based this on (and cited) <u>In re Harris</u>, 590 F.3d 730, 736 (9th Cir. 2009), which appears to have relied on (and cited) <u>Bennett v. Williams,</u> 892 F.2d 822,823 (9th Cir.1989).

26. Accordingly, this Court should find this Amended Counterclaim filed by the PLOD violates Rule 9011(b)(1) and (2). It is (again) a pleading, written motion and/or 'other paper'

14

presented for one or more improper purpose(s) - specifically to harass the Trustee, to punish him financially and professionally for having taken prior adversarial positions against the PLOD and other Defendants, and to sharply dissuade him from doing so again. It was filed to push him to resign from duty in this case, by forcing him to spend huge amounts of time and estate resources litigating (a) decisions/actions/omissions for which he has absolute and/or quasi-judicial immunity and (b) matters already decided by this Court after lengthy, prior hearings. Candidly, and assuming the PLOD's damages demand is serious, the goal is to bankrupt him.

27. All of this plainly has caused and will cause unnecessary delay in this AP and main case, and needlessly increase the cost of this litigation – a simple review of the AP docket makes this clear already. To be sure, this claim and legal contentions are not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing that law, or establishing new law.

## CONCLUSION

In sum, because the Trustee has provided this Motion to the PLOD Counsel at least 21 calendar days prior to filing it, and in that time they have declined to withdraw the Amended Counterclaims, this Court should find PLOD Counsel in violation of Rule 9011 and take action accordingly.

/s/ James E. Huggett
James E. Huggett, Esquire (DE ID #3956)

and

/s/ Joe Yeager
Joe Yeager, Esquire (DE ID # 5429)

Margolis Edelstein
300 Delaware Avenue
Suite 800
Wilmington, DE 19801

Dated: February 20, 2024
Wilmington, DE

Tel.: 302-888-1112
Fax: 302-888-1119
jhuggett@margolisedelstein.com
jyeager@margolisedelstein.com

*Attorney for George L. Miller, Solely and exclusively in his capacity as The Chapter 7 Trustee of Team Systems International, LLC and as the Counterclaim Defendant*