**Randy Michael Mott, Esq**
1629 K St, NW  Suite 300
Washington, DC 2006
202 470-0106
randymott@rmott.law
DC Bar 2113037

The Honorable Craig T. Goldblatt
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street
3rd Floor, Courtroom 7
Wilmington, DE 19801                                                                      February 28, 2024

**Re: Team Systems International, LLC - Ch. 11 No. 22-10066-CTG; Adv. No. 23-50004-CTG**
    **Reply to Creditors' Objection to Pro Hac Vice Admission of Randy Michael Mott, Esq.**

Dear Judge Goldblatt:

    I am filing this reply *pro se* to the objection by the judgment creditors to my admission *pro hoc vice*. [D.I. 444, Adv. D.I. 165] The discussion of my family relationship to the TSI members and the fact that I have multiple residences does not warrant a reply or any consideration by the Court.

    As to the bar complaint I filed, as a member of the District of Columbia Bar, I have rules to follow, including a duty to report misrepresented or fraudulent evidence presented by an attorney. *See* DC Bar Rule 3.3(d). While the Delaware Bar complaint is confidential, I will stand by my statement and evidence submitted to the Delaware Bar. *See* Delaware Bar Rule 3.3(a)(3).

    I have been litigating cases for many years in multiple jurisdictions *pro hac vice* in over 15 federal courts and several state courts, including being lead counsel in the five-week trial in the W.D. of Michigan that led to the *United States v. Best Foods* 524 U.S. 51 (1998) decision. My CV is attached. For ten years, I was chairman of the bi-annual Practicing Law Institute Hazardous Waste Litigation conferences. I have also appeared before the United States Supreme Court, the Civil Board of Contract Appeals and in multiple administrative adjudications. My current rating with Martin-Hubbel (2024) is the highest available. I have never filed a bar grievance against any other attorney.

On the forthcoming objection by the judgment creditors to the Defendants' Motion to Vacate the Preliminary Injunction order under Rule 60(b)(3), I will also stand on what was submitted and would like the opportunity to orally argue the motion personally in this Court. Whatever allegations the judgment creditors will make will be properly addressed in our reply and in the oral argument.

Whenever I am permitted to appear, I will be happy to answer any inquiries by the Court.

Sincerely,

Randy M. Mott, Esq.