# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Team Systems International, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | Re: 436, 453 & 529 |
| George L. Miller, solely in his capacity as the Chapter 7 Trustee of Team Systems International, LLC, | |
| Plaintiff, | Adv. Proc. No. 23-50004 (CTG) |
| -against- | Re: Adv. D.I. 153, 156, 174, 239, 257 & 267 |
| Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski, Addy Road LLC, Brent Road LLC, Benjamin P. Smith, Jessica M. Smith, TSI Gulf Coast, LLC, TSI Education & Training, Inc., and Team Systems International Southeast LLC, and | |
| John Does 1-100, | |
| Defendants. | |

## ORDER RESOLVING MOTIONS FOR SANCTIONS AND MOTION TO STRIKE

Upon consideration of the *Certification of Counsel Submitting Order on Sanctions Motion*, and for the reasons set forth more fully in this Court's July 9, 2024 *Memorandum Opinion* [Adv. D.I. 256] (the "Memorandum Opinion"),[1] IT IS HEREBY ORDERED THAT:

1. The Memorandum Opinion is hereby modified as follows:

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Memorandum Opinion.

a. On page 4, the sentence, "In 2022, two creditors obtained a substantial judgment against the debtor in the U.S. District Court for the Northern District of Florida," should be clarified such that it begins "In <u>2021</u> ~~2022~~ . . . ."

b. On pages 6-7, the sentence, "In substance, the brief accuses counsel for the judgment creditors (who had also obtained copies of the bank statements in discovery in the Florida litigation) of having made the white-out alterations to the debtor's bank statements," should be clarified such that the phrase "Florida litigation" is replaced with "<u>in the chapter 11 case</u> . . . ."

2. The *Chapter 7 Trustee's (i) Objection to Defendants' Amended Rule 60(b)(3) Motion to Set Aside the Court's January 31, 2023 Decision; (ii) Request for Entry of an Order to Show Cause; and (iii) Cross Motion for Sanctions under 28 U.S.C. § 1927* [Main Case D.I. 436; Adv. D.I. 153] (the "Trustee's Sanctions Motion"), filed by George L. Miller, solely in his capacity as the Chapter 7 Trustee of the above-captioned Debtor and plaintiff in the above-captioned adversary proceeding (the "Trustee"), is GRANTED with respect to Randy M. Mott, Esq. and is DENIED with respect to (i) Frederick B. Rosner and The Rosner Law Group LLC and (ii) Michael M. Munoz and Golenbock Eiseman Assor Bell & Peskoe LLP.

3. Randy M. Mott, Esq. is hereby directed to pay all attorneys' fees and expenses reasonably incurred by the Trustee before, at, and following the April 29, 2024 hearing in connection with the *Motion* and the *Amended Rule 60(b)(3) Motion to Set Aside the Court's January 31, 2023 Decision*[2] and the Trustee's Sanctions Motion. Within <u>twenty-one (21) days</u> of the date of entry of this Order, the Trustee may file and serve a statement of fees and expenses (the "Trustee's Fee Statement"). The Trustee may redact such statement for attorney-client privilege or work product. Within <u>fourteen (14) days</u> of service of the Trustee's Fee Statement, Randy M. Mott, Esq. shall pay the amounts set forth in the Trustee's Fee Statement or shall file and serve an objection to the Trustee's Fee Statement. If an objection is filed, Randy M. Mott, Esq. shall post

---

[2] Main Case D.I. 416-419, 422-425 and Adv. Proc. D.I. 140-143, 145-148 (the "Motions to Vacate").

a bond with the Court in the full amount of the Trustee's Fee Statement, or such other amount as may be determined by the Court, and the Court will conduct a further hearing or otherwise resolve the dispute.

4. The *Creditors' and Their Counsels' (i) Objection to Defendants' Amended Rule 60(b)(3) Motion to Set Aside the Court's January 31, 2023 Decision; (ii) Request for Permission to Submit Document Under Seal and Conduct a Partially Closed Hearing Thereon; (iii) Request for Entry of an Order to Show Cause; and (iv) Cross Motion for Sanctions* [Main Case D.I. 453; Adv. D.I. 174] (the "Creditors' Sanctions Motion") filed by GPDEV LLC, Simons Exploration, Inc. and their counsel (the "Creditors"), is GRANTED with respect to Randy M. Mott, Esq. and DENIED with respect to (i) Frederick B. Rosner and The Rosner Law Group LLC and (ii) Michael M. Munoz and Golenbock Eiseman Assor Bell & Peskoe LLP.

5. Randy M. Mott, Esq. is hereby directed to pay all attorneys' fees and expenses reasonably incurred by the Creditors before, at, and following the April 29, 2024 hearing in connection with the Motions to Vacate and the Creditors' Sanctions Motion. Within twenty-one (21) days of the date of entry of this Order, the Creditors may file and serve a statement of fees and expenses (the "Creditors' Fee Statement"). The Creditors may redact such statement for attorney-client privilege or work product. Within fourteen (14) days of service of the Creditors' Fee Statement, Randy M. Mott, Esq. shall pay the amounts set forth in the Creditors' Fee Statement or shall file and serve an objection to the Creditors' Fee Statement. If an objection is filed, Randy M. Mott, Esq. shall post a bond with the Court in the full amount of the Creditors' Fee Statement, or such other amount as may be determined by the Court, and the Court will conduct a further hearing or otherwise resolve the dispute.

6. The *Chapter 7 Trustee's Letter Motion to Strike the Defendants' Letter Brief and New Exhibits, filed on May 16, 2024* [Main Case D.I. 517; Adv. D.I. 239] is hereby DENIED; provided, that, the Court will not allow the admission into evidence, and therefore has not considered, any of the documents or the expert report that were attached to the *Letter to The Honorable Craig T. Goldblatt from Kevin S. Mann, Esq., supplementing the record and providing additional material and authorities to oppose the sanctions motions* [Main Case D.I. 512; Adv. D.I. 234].

7. The *Motion For Sanctions Under Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. 1927* [Adv D.I. 156] is DENIED.

8. This Court shall retain jurisdiction over all matters related to or arising from this Order.

Dated: July 22nd, 2024
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE