**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

CRAIG T. GOLDBLATT
JUDGE



824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832

August 9, 2024

**<u>VIA CM/ECF</u>**

Re:   *In re Team Systems International, LLC*, No. 22-10066, *Miller v. Mott*, et al., No. 23-50004

Dear Counsel:

In light of an issue that arose at a hearing yesterday in the above-captioned adversary proceeding, I have concluded that, as a matter of prudence, it was appropriate to make the following disclosure.

As the parties are aware, the debtor in the main bankruptcy case is a Delaware limited liability company, of which Deborah Mott is a member and the majority owner.  The debtor filed for bankruptcy in this Court in January 2022.  In March 2022, this Court converted the case to one under chapter 7.

The chapter 7 trustee initiated this adversary proceeding in January 2023. The action seeks to recover millions of dollars of actual and constructive fraudulent conveyances that the debtor allegedly made to a number of insiders, including Mott, prior to the bankruptcy filing.

*In re Team Systems International, LLC*, No. 22-10066,
*Miller v. Mott*, et al., No. 23-50004
August 9, 2024
Page 2 of 5

The debtor's statement of financial affairs, which Mott signed under penalty of perjury, disclosed no such transfers.  As the Court explained in its January 31, 2023 Memorandum Opinion granting the trustee's motion for a preliminary injunction, the debtor had in fact transferred several million dollars to insiders, including Mott. When the debtor provided its bank statements to the chapter 7 trustee, however, the identity of the recipients of those transfers had been whited out.  It was only when the trustee obtained copies of the bank statements from the banks that the trustee learned of the identity of the transferees.

Section 3057(a) of Title 18 of the United States Code provides that any "judge … having reasonable grounds for believing that any violation … [of any] laws of the United States relating to insolvent debtors … has been committed … *shall* report to the appropriate United States attorney all the facts and circumstances of the case…"[1] After giving the matter careful consideration, I concluded that the circumstances described in the January 31, 2023 opinion required me to report the matter to the United States Attorney.  A copy of my February 2, 2023 letter to the United States Attorney is attached as Exhibit 1.

On July 11, 2024, a grand jury handed down a two-count indictment charging Mott with making false statements under penalty of perjury and with making false statements under oath.  The Court was apprised of the indictments on July 15, 2024, at the outset of a previously scheduled hearing to resolve a discovery dispute that had

---

[1] 18 U.S.C. § 3057(a) (emphasis added).

*In re Team Systems International, LLC*, No. 22-10066,
*Miller v. Mott*, et al., No. 23-50004
August 9, 2024
Page 3 of 5

otherwise arisen in the adversary proceeding.  In light of the indictment, the Court adjourned that hearing to provide Mott the opportunity to seek a stay of the adversary proceeding in light of the pendency of the criminal case.

The defendants filed such a motion, seeking a stay of the entire adversary proceeding as against all defendants.  The trustee responded by arguing that the case should not be stayed at all.  The Court considered the motion at a hearing held on August 8, 2024.  The Court concluded that it would stay the case against Mott, but permit the case to proceed against the other defendants, on the understanding that no claim involving the intent of the debtor would be adjudicated during the pendency of the criminal case against Mott.  In addition, that ruling was without prejudice to the right of any party to return to court to seek a stay if particular circumstances demonstrated that the party required Mott's testimony in order fairly to defend against the trustee's action.

During the course of the argument, however, counsel for the defendants argued (without an obvious factual basis) that the chapter 7 trustee should effectively be estopped from complaining about the delay that would be occasioned by a stay because the trustee's counsel allegedly made a criminal referral.  The Court has no basis to know whether counsel for the trustee did or did not make a criminal referral.  The Court did not inquire into the issue because the Court did not believe the issue was material to its decision on the motion to stay the adversary proceeding.

*In re Team Systems International, LLC*, No. 22-10066,
*Miller v. Mott*, et al., No. 23-50004
August 9, 2024
Page 4 of 5

Because the issue of the making of a referral arose in a dispute before me, and because I had not otherwise disclosed the fact of my February 2, 2023 letter to the U.S. Attorney, I concluded that it would be prudent to make this disclosure.

Canon 3(C)(1)(a) of the Code of Judicial Conduct provides that a "judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which … the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[2]  Similarly, 28 U.S.C. § 455(b) provides that a judge should disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[3]

The existence of my February 2, 2023 letter to the United States Attorney (which I wrote because I concluded that I was required by federal law to do so) is not a "disputed evidentiary fact concerning the proceeding" before me.[4]  Nor is there any other basis on which my impartiality in this adversary proceeding might reasonably

---

[2] Code of Judicial Conduct for United States Judges Canon 3(C)(1)(a).

[3] 28 U.S.C. § 455(b).

[4] *See Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1263 (3d Cir. 1977) (a "disputed evidentiary fact" is one that "underly[ies] the cause of action").  Even if one were to adopt a broader reading of the statutory term than the one the Third Circuit adopted, such that it included a fact that might have borne on the Court's decision to grant the motion to stay, the existence of the February 23, 2023 letter still would not qualify, as the question of who might (or might not) have made the referral was not material to the question whether to grant the stay.

*In re Team Systems International, LLC*, No. 22-10066,
*Miller v. Mott*, et al., No. 23-50004
August 9, 2024
Page 5 of 5

be questioned.[5]  I harbor no bias or prejudice in favor or against any of the parties to the proceeding.  I certainly have not obtained any information from any extrajudicial source.[6]  And even to the extent I have (inevitably) formed opinions based on evidence that I have considered in the course of the proceeding, none of those opinions will interfere with my ability fairly and evenhandedly to resolve disputes that arise in future proceedings in accordance with the law and the evidence presented.  I therefore do not intend to disqualify myself from presiding over this proceeding.

Out of an abundance of caution, however, I have concluded that it would be prudent for me to disclose the fact of that letter to the parties.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge

---

[5] *See* 28 U.S.C. § 455(a).

[6] *See Liteky v. United States*, 510 U.S. 540, 556 (1994) (holding that recusal under § 454(a) is not limited to circumstances in which the judge has obtained information from an extrajudicial source; it includes circumstances in which the judge harbors "deep-seated and unequivocal antagonism that would render fair judgment impossible."