# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Team Systems International, LLC,<br><br>      Debtor. | Chapter 7<br><br>Case No. 22-10066 (CTG) |
| George L. Miller, solely in his capacity as the Chapter 7 Trustee of Team Systems International, LLC,<br><br>      Plaintiff,<br><br>    -against-<br><br>Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski, Addy Road LLC, Brent Road LLC, Benjamin P. Smith, Jessica M. Smith, TSI Gulf Coast, LLC, TSI Education & Training, Inc., and Team Systems International Southeast LLC, and John Does 1-100,<br><br>      Defendants. | Adv. Proc. No. 23-50004 (CTG)<br><br>**Re: Adv. Docket No. 296** |

### MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY AND MODIFY STAY IN ADVERSARY CASE

Pursuant to Federal Rule of Civil Procedure 59(e), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9023, defendants Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski, and Addy Road LLC (collectively, "Defendants"), by and through their undersigned counsel, hereby move for reconsideration of the *Order Granting in Part and Denying in Part Defendants' Motion to Stay* [Adv. Docket No. 296] (the "Stay Order") and modification of the stay in this adversary proceedings. In support of this Motion, the Defendants assert as follows:

1.      On August 13, 2024, the Court entered the Stay Order granting a stay of this adversary proceeding solely as to Defendant Deborah Evans Mott, but denying to stay the adversary proceeding as to any other Defendants. The initial request to stay the adversary was based on a criminal indictment against Deborah Evans Mott that has factual overlap with the matters at issue in this adversary proceeding and the Court rightfully stayed the case as to Deborah Evans Mott.

2.      Since the hearing on the initial stay request, the Defendants have obtained a copy of the original criminal referral that led to Ms. Mott's indictment. For the first time, the Defendants learned that the criminal referral to the United States Attorney indicates that all of the Debtors' members may be facing criminal charges:

> I have concluded that there are reasonable grounds to believe that **various principals of the debtor Team Systems International** may have violated one or more of subsections (1), (2), (3), (7), (8), and (9) of 18 U.S.C. § 152.

Adversary Docket No. 292 (emphasis added).

3.      The fact that all members of Debtor, all of whom are Defendants in this adversary case, may face criminal indictment greatly prejudices their ability to cooperate in the defense of this adversary case. As each of the Debtor's members obtain separate criminal counsel, the use of the Fifth Amendment, even in discussions among the members, makes proceeding with a civil action difficult and potentially impossible. This is one reason most courts have simply stayed the parallel civil proceedings when a related criminal matter arises. *Maloney v. Gordon*, 328 F. Supp. 2d 508 (D.Del. 2004). Conflicting rules on discovery and their impact on the respective cases is also a strong consideration for staying the civil action, including discovery from the Defendants. *United States v. Assorted Firearms*, 677 F. Supp. 2d 1214 (C.D. Cal. 2009). Defendants recognize that they are not all members of the Debtor. But, each of the individual Defendants is a member of the Debtor and each of the corporate Defendants is owned by various individual Defendants –

making it impossible for the corporate Defendants to defend themselves without the assistance of persons who are or may become protected by the Fifth Amendment.

4. The fact that all of the Debtors' members (who are all Defendants here) have a reasonable apprehension of criminal exposure also extends to documents in their possession or control, since production requires testimonial and/or declarative elements. Document production itself, Courts have held. is protected by the Fifth Amendment:

> The United States Supreme Court has recognized that the act of producing documents in response to a subpoena may have a compelled testimonial aspect. This is because the act of production itself may implicitly communicate statements of fact. By producing documents in compliance with a subpoena, a witness would admit that the papers exist, are in his possession or control, and are authentic

*In re Welsh,* 2013 Bankr. LEXIS 4716 (Bankr. E.D. NC 2013) (*citing U.S. v. Hubbell*, 530 U.S. 27, 35-36, 120 S. Ct. 2037, 147 L. Ed. 2d 24 (2000)). Further, in his Motion to Compel [Adv. Docket No. 254], the Trustee seeks personal representations, via declaration, as to the existence or non-existence of certain documents. These representations would surely be protected by the Fifth Amendment.

5. All of the Debtors' members have a Fifth Amendment stake at this point and any production of documents by them under the terms of the order to compel will implicate their personal testimony as to the production, completeness and source of the documents.[1] The compelled declaration as to documents produced, lost or destroyed is obviously testimonial in nature.

> **Compelled document production has the potential to be precisely as incriminating as compelled oral testimony**. *See Bellis v. United States*, 417 U.S. 85, 87, 94 S. Ct. 2179, 40 L. Ed. 2d 678 (1974) ("It has long been established, of

---

[1] *In re Renteria*, No. BAP AZ-071261-PAMKKU, 2007 WL 7540974, at *6 (B.A.P. 9th Cir. Dec. 14, 2007) cited by the Trustee only goes to the turnover of business records of the debtor estate, <u>not testimony or representations as to the documents</u>, both of which are sought in this case by the Trustee.

course, that the Fifth Amendment privilege against compulsory self-incrimination protects an individual from compelled production of his personal papers and effects as well as compelled oral testimony."). Fifth Amendment protections are explicitly extended to protect individuals from being compelled to personally produce documents if the production itself would have testimonial aspects that could be self-incriminating."

*In re HJH Consulting Grp., Inc.*, 2018 Bankr. LEXIS 2579 (W.D. Tex. 2018) (emphasis added).[2]

6. Accordingly, the Court should not have limited the stay to Deborah Evans Mott while allowing proceedings and document production from other Defendants to proceed – especially now that we know that the criminal referral that led to her indictment implicated other members of the Debtor. No assurances of the completeness of document production are possible nor are any adverse inferences fair in light of Fifth Amendment considerations. The discovery deadline in this case now works to preclude a full and fair record.

7. Also, at least one of the Defendants is preparing a motion for summary judgment, but it is now impossible in this situation to prepare summary judgment pleadings that require attestation of documents and even limited testimony as to reasonably equivalent value provided in exchange for the purported fraudulent transfers at issue in this adversary case. There is also a near certainty that Defendants will encounter similar issues in defending against further discovery and summary judgment motions eventually filed by the Plaintiff. This is the very result that has led courts to overwhelmingly stay an entire parallel proceedings rather than trying to draw fine distinctions.

---

[2] The Trustee's argument to bypass Fifth Amendment issues contradicts his own position in his motion to compel. "'The Fifth Amendment is also inapplicable to any act of turning over the business records because their existence, location, and authenticity are 'foregone' conclusions and are already established by other evidence.' *Fisher v. United States*, 425 U.S. 391, 411 (1976)." Adv. Docket No. 273 at 13.

8. In this case, the production of documents sought by the Trustee has been accompanied by threats that failure to certify complete production will result in consequences to the Defendants, including adverse inferences. Those are explicitly covered by the Fifth Amendment. *In re HJH Consulting Grp., Inc.*, 2018 Bankr. LEXIS 2579 (W.D. Tex. 2018). All of the Debtors' members are affected by the potential criminal exposure and exercise of their Fifth Amendment rights would preclude an orderly and fair resolution of the discovery issues before the Court. The Debtor, as a limited liability company, exists only through its members and each member has the right to avoid self-incrimination in this case. This makes the continuation of this adversary case against the other Defendants a direct Fifth Amendment issue. *Gov't Emps. Ins. Co. v. Kalitenko*, 2023 U.S. Dist. LEXIS 1906 (E.D. N.Y. 2023). A stay of the adversary case as a whole is the only viable solution to resolve the inherent conflicts.

WHEREFORE, the Defendants respectfully request that the Court modify the Stay Order so that this adversary proceeding is stayed as to all Defendants.

Dated: August 20, 2024

**CROSS & SIMON, LLC**

*/s/ Kevin S. Mann*
Kevin S. Mann (DE 4576)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
Email: kmann@crosslaw.com

-and-

/s/ *Randy M. Mott*
**RANDY MOTT, ESQ.**
Randy Mott, Esq.
DC Bar 211037
1627 K St. N.W. Suite 400
Washington, DC 20006
Phone: 703-258-4097
Email: randymott@rmottlaw.com
(admitted *pro hac vice*)

*Counsel to Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski, Addy Road LLC and Team Systems International Southeast LLC*