**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Team Systems International, LLC, | Case No. 22-10066 (CTG) |
| Debtor. | |
| George L. Miller, solely in his capacity as the Chapter 7 Trustee of Team Systems International, LLC, | |
| Plaintiff, | Adv. Proc. No. 23-50004 CTG) |
| -against- | |
| Deborah Evans Mott, Steven M. Acosta, Christopher Mott, John S. Maciorowski, Addy Road LLC, Brent Road LLC, Benjamin P. Smith, Jessica M. Smith, TSI Gulf Coast, LLC, TSI Education & Training, Inc., and Team Systems International Southeast LLC, and | |
| John Does 1-100, | |
| Defendants. | |

**CERTIFICATION OF COUNSEL FOLLOWING TRIAL ON JULY 10, 2026**

The undersigned, counsel for George L. Miller, the Chapter 7 Trustee (the "Trustee") of the estate of the above-referenced debtor and plaintiff in the above-captioned adversary proceeding, hereby certifies as follows:

**Correspondence Regarding Defendants' July 2, 2026 Production**

1.      On July 10, 2026, the Court conducted closing arguments on the final day of trial in this adversary proceeding.  During closing arguments, counsel for the defendants made certain representations on the record concerning defendants' production of documents on July 2, 2026.

2.      As the Court will recall, at the final pretrial conference conducted on June 30, 2026, the Court directed Ms. Mott to produce her personal tax returns and other documents by 5 p.m. on July 2, 2026.

3.      On July 2, 2026 at 4:59 p.m., undersigned counsel for the Trustee received an email from Mr. Malik with a download link.  A few minutes later, undersigned counsel received a second email from Mr. Malik stating he had forwarded a "Dropbox links to the Defendants' exhibit."  Mr. Malik's email refers to "exhibits," but makes no mention of tax returns, bank statements, or other documents that Ms. Mott was ordered to produce.

4.      On July 2, 2026 at 5:08 p.m., counsel for the Trustee responded to Mr. Malik asking him to confirm that the documents are "documents listed on the Defendants' exhibit list?"  No response was received to that email.  Copies of the parties' correspondence are attached hereto as **Exhibit 1**.

5.      A review of the documents produced by Defendants' counsel on July 2, 2026 at 4:59 p.m. showed that they were some of the documents listed on defendants' then-current exhibit list (circulated earlier on the afternoon of July 2, 2026), but did not include any personal tax returns, bank statements, or other documents that Ms. Mott was ordered to produce.

6.      After waiting several hours without a response, at 8:15 p.m. on July 2, 2026, undersigned counsel cancelled the court reporter that had been standing by for a potential deposition of Ms. Mott to avoid incurring additional costs.

**False Bar Complaints Filed by Defendant Christopher Mott**
**Against Trustee's Counsel**

7.      Also on July 10, 2026, counsel for the Trustee was informed by the Office of Disciplinary Counsel ("ODC") of the Supreme Court of the State of Delaware that, on July 10, 2026, Defendant Christopher Mott filed bar complaints against certain attorneys for the Trustee in this case.

8.      A copy of the complaint that Christopher Mott filed against attorney Bryan Hall is attached hereto as **Exhibit 2**.

9.      The allegations contained in Christopher Mott's ODC complaint are patently false. The allegations are not credible on their face and are not supported by any corroborating documentation.  The allegations appear to relate to matters that occurred months or years before trial, but the defendants failed to raise them until during the trial.  Notably, the defendants filed three (3) pretrial motions seeking to delay the start of trial; however, defendants failed to raise these matters with the Court in any of the three motions.  The ODC complaint is yet another attempt to harass the Trustee and his counsel.  Christopher Mott's father, attorney Randy Mott, used this same tactic against another attorney in this case, and the ODC complaint filed by Christopher Mott identifies Randy Mott as a person or witness who may have information relevant to Chirstopher Mott's complaint.

10.      The Court also should take note that, in his ODC complaint, Christopher Mott makes false allegations concerning certain Debtor emails obtained by the Trustee and then adds, "i have an original version of all on the server that was disconnected four years ago and they do not match." Ex. 2 at 1.  Christopher Mott also makes the false allegation that he was shown "fake emails" during his May 7, 2026 deposition and then adds, "i went back to the offline clean server and compared after and they were fake they [did] not match the originals." Ex. 2 at 2.

11.     Christopher Mott's statements in the ODC complaint are similar to statements Christopher Mott made at trial under oath on July 8, 2026.  Such statements are not credible, they lack any documentary support, and the Trustee's counsel believes the statements are false.  To the extent that Christopher Mott's statements are true, they are admissions that the defendants spoliated the Debtor's records and willfully violated multiple Court orders compelling defendants to turn over all Debtor records to the Trustee.  *See Motion of Plaintiff Chapter 7 Trustee for Sanctions and Curative Measures Including Final Default Judgment* [Adv. D.I. 565] at ¶ 18 (quoting *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73-74, 79 (3d Cir. 2012)).  In other words, either Christopher Mott gave false testimony or his testimony was true and it further supports the Trustee's request for sanctions as a consequence of the defendants' willful spoliation.

12.     **The Trustee and his counsel expressly reserve all rights.**

13.     Undersigned counsel for the Trustee is available at the convenience of the Court if the Court has any questions.

Dated: July 13, 2026                         CHIPMAN BROWN CICERO & COLE, LLP

                                                              */s/ Bryan J. Hall*
                                                              David W. Carickhoff (No. 3715)
                                                              Bryan J. Hall (No. 6285)
                                                              1313 N. Market Street, Suite 5400
                                                              Wilmington, Delaware 19801
                                                              (302) 295-0191
                                                              carickhoff@chipmanbrown.com
                                                              hall@chipmanbrown.com

                                                              -and-

                                                              Adam D. Cole, Esq. (admitted *pro hac vice*)
                                                              420 Lexington Avenue, Suite 442
                                                              New York, New York 10170
                                                              (646) 685-8363
                                                              cole@chipmanbrown.com

                                                              *Counsel to the Plaintiff Chapter 7 Trustee*